SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
JOHN LITTRELL (No. 21601)
Deputy Federal Public Defender
(E-mail: John_Littrell@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-5310
Facsimile (213) 894-0081

Attorneys for Defendant
RICHARD MICHAEL WELTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD MICHAEL WELTON, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | NO. CR 09-153-MMM <br><br> MOTION TO EXCLUDE EVIDENCE OF FINGERPRINTS OR FINGERPRINT ANALYSIS BASED ON VIOLATION OF THIS COURT'S ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT <br><br> DATE: July 13, 2009 <br> TIME: 1:15 p.m. <br> JUDGE: Hon. Margaret M. Morrow <br> ROOM: 7 |

Defendant Richard Michael Welton, by and through his attorney of record, Deputy Federal Public Defender John Littrell, hereby moves in limine to exclude late-disclosed evidence of fingerprints and fingerprint analysis.

///

///

///

///

///

1  This motion is based on the attached memorandum of points and authorities, all
2  files and records in this case, and such additional evidence and argument as may be
3  presented at the hearing on the motion.

5  DATED: June 29, 2009            Respectfully submitted,

6                                  SEAN K. KENNEDY
                                   Federal Public Defender

9                                  By        /s/
                                   JOHN LITTRELL
                                   Deputy Federal Public Defender

**MEMORANDUM OF POINTS AND AUTHORITIES**

Richard Welton is charged with receipt of child pornography, 18 U.S.C. 2252A(a)(2)(A), (b)(1) and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  Trial is scheduled to commence on July 21, 2009.

In support of the charges in the indictment, the Government will attempt to introduce copies of printed images recovered from the nursery area of the First Presbyterian Church in Covina, CA.  Those pages contain depictions of pornography. According to documents produced by the government for the first time on Friday, June 26th, 2009, those printed pages also contain fingerprints that a government expert has identified as being matched to Mr. Welton.  The government has known this since about March 30, 2009 – the date on the fingerprint analysis memorandum.  See Exhibit A (FBI Laboratory Report of Examination Dated March 30, 2009).

In its March 10, 2009 Order Setting Trial Date And Case Management Dates, this Court ordered the government to produce all discovery no later than April 6, 2009.  Dkt. No. 15.  The court's order specifically provided that "[a]ny discovery submitted after this date will not be admissible at trial.

This motion seeks to enforce this Court's pretrial order and preclude the introduction of evidence that fingerprints were found on the documents and any analysis of those fingerprints.  If the fingerprint evidence and analysis is admitted notwithstanding its late production to the defense in violation of the Court's order, Mr. Welton's counsel will have to shift the focus of his trial preparation to meet the new evidence just before trial commences, conduct additional research, obtain funding to hire a fingerprint expert, and consult with that expert, who will need to independently review the evidence.  It is not clear whether counsel will be able to complete this process and provide the government with the required expert disclosure prior to the currently scheduled trial date.  The government has been in possession of the fingerprint analysis for nearly three months.  See Exhibit A.  It has not offered any explanation for its failure to produce the fingerprint analysis by the deadline ordered

by the Court. This is the type of late disclosure the Court's order was intended to prevent. The appropriate remedy is to preclude the introduction of the fingerprint evidence, as provided for by this Court's pretrial discovery order.

## CONCLUSION

For these reasons, the Court should exclude any evidence related to the government's allegation that Mr. Welton's fingerprints were found on the printed images found in the church, as well as any testimony regarding the fingerprints.

DATED: June 29, 2009                    Respectfully submitted,

                                                     SEAN KENNEDY
                                                   Federal Public Defender


                                                   By      /s/
                                                   JOHN LITTRELL
                                                   Deputy Federal Public Defender