1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   J. LANA MORTON-OWENS
4  Assistant United States Attorney
   California State Bar No. 233831
5  General Crimes Section
        1200 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone:    (213) 894-3547
        Facsimile:    (213) 894-0141
8       Email: lana.morton-owens@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10

11 UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,      ) No. CR 09-0153-MMM
                                  )
14           Plaintiff,           ) GOVERNMENT'S TRIAL MEMORANDUM
                                  )
15           v.                   ) Trial Date: July 21, 2009
                                  )
16 RICHARD MICHAEL WELTON,        ) Trial Time: 9:00 a.m.
                                  )
17           Defendant.           )
                                  )
18 _____    )

19

20      Plaintiff, United States of America, by and through its

21 counsel of record, the United States Attorney's Office for the

22 Central District of California, hereby submits its trial

23 memorandum for the above-captioned case.

24 ///

25 ///

26 ///

27 ///

28 ///

I.   CASE SCHEDULING MATTERS

    A.   Procedural Background

    On February 20, 2009, Richard Michael Welton ("defendant") was indicted for receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) and §§ 2252A(a)(5)(B), (b)(2), after having been previously convicted of a crime related to the possession of child pornography.  The indictment stems from the presence of defendant's fingerprints on images of child pornography recovered from inside the Presbyterian Church in Covina, California.

    On or about November 3, 2000, defendant was convicted in Superior Court in Los Angeles of Possession of Obscene Matter of Minor in Sex Act, in violation of California Penal Code Section 311.11(A).

    B.   Government's Case-in-Chief

    Jury trial is set for July 21, 2009, at 9:00 a.m.[1]  The United States anticipates calling approximately eight to ten witnesses in its case-in-chief.  The estimated time for the government's case-in-chief is two to three days.

    The government anticipates potentially calling the following witnesses in its case-in-chief:

        1.   FBI Special Agent Stephanie Benitez

        2.   Task Force Office Bernell Trapp

        3.   David Robertson

        4.   Linda Marie Breatore

---

[1] The government intends to seek a trial continuance based on government counsel's previously schedule trial set to begin on July 21, 2009.  Based upon the government's calculations, there is approximately 4 weeks of excludable time.

5.    Covina Police Detective Rob Bobkiewicz

5.    FBI Latent Fingerprint Expert Kathryn Suchma

6.    FBI Computer Forensics Expert Chris Christopherson

7.    Special Agent Mike Duffy

8.    Special Agent Greg Catey

9.    Special Agent Minh Tran

D.   Pre-Trial Motions

On June 29, 2009, defendant filed a Motion to Suppress Statements.  Based on the defendant's almost exclusive reliance in that motion on the expert opinion of Dr. Nathan Lavid, on July 1, 2009, the government filed an Ex Parte Application for an Independent Psychological Examination.  On July 6, 2009, the government separately opposed defendant's Motion to Suppress.  On July 6, 2009, defendant opposed the government's Ex Parte Application.

On June 29, 2009. Defendant also filed a Motion to Exclude Evidence of Fingerprints or Fingerprint Evidence on based on claimed late disclosure.  The government opposed this Motion on July 6, 2009.

These Motions, along with the Motions in Limine, are scheduled for hearing on July 13, 2009 at 1:15 p.m..

E.   Motions *in Limine*

On June 24, 2009, the government filed two motions in limine.  The first seeks the exclusion of any reference to defendant being a victim of sexual abuse; the second asks the defendant be prohibited from admitting "self-exculpatory" statements through government witnesses.  On July 8, 2009, the government filed a third motion in limine addressing defendant's

recently stated intention to object to the admission of metadata and header/footer information listed on the images of child pornography.  As of the filing of this trial memorandum, defendant had not responded to any of these motions in limine.

II.   THE INDICTMENT

Defendant is charged in Count One of the indictment with receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A); (b)(1).  Accordingly, the government must prove:

First, defendant knowingly received matters which defendant knew contained visual depictions of minors engaged in sexually explicit conduct.

Second, defendant knew each visual depiction contained in the matters showed minors engaged in sexually explicit conduct.

Third, defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct.

Fourth, each visual depiction had been either (a) mailed/shipped/transported in interstate or foreign commerce by computer, or (b) produced using material that had been mailed/shipped/transported in interstate or foreign commerce by computer.

Defendant is charged in Count Two with possession of child pornography, in violation of  Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2).  Accordingly, the government must prove that:

First, defendant knowingly possessed matters which defendant knew contained visual depictions of minors engaged in sexually explicit conduct.

Second, defendant knew each visual depiction contained in the matters showed minors engaged in sexually explicit conduct.

Third, defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct.

Fourth, each visual depiction had been either (a) mailed/shipped/transported in interstate or foreign commerce by computer, or (b) produced using material that had been mailed/shipped/transported in interstate or foreign commerce by computer.

III. STATEMENT OF FACTS

On or about August 10, 2007, the Presbyterian Church in Covina, California, was remodeling its children's nursery. While preparing to paint the nursery, the Church Grounds Manager David Robertson located a small stack of papers hidden under on the children's changing tables in the nursery. When he examined the papers he discovered what appeared to be children engaging in sex acts with adults. Disturbed, he shredded the images.

On or about August 22, 2007, Mr. Robertson was moving furniture in the nursery, as part of the improvement process, and located 95 printed pages of pornography hidden under a second nursery changing table. Based on locating two separate stashes of similar images, Mr. Robertson feared that children may be being harmed. He therefore brought the images to Linda Breatore who reviewed each of the images to ensure that no children who attended the church were pictured and in an attempt to discover who may have placed in images in the nursery. As soon as Ms. Breatore observed the images, she contacted the authorities. Special Agent Stephanie Benitez examined the images and

determined that 42 of the images depicted on the printed pages
were child pornography.  As part of the investigation into who
had left the images inside the church, the images were
fingerprinted.  Sometime in early September, 2008, FBI Latent
Fingerprint Examiner Kathryn Suchma located defendant's
fingerprints on the printed images.  Defendant's fingerprints
were already on file with the FBI based on his prior conviction
involving possession of child pornography.

On September 18, 2008, Special Agent Stephanie Benitez and
Task Force Officer Bernell Trapp interviewed defendant at his
place of business.  Defendant was informed that he was speaking
voluntarily with the agents and was free to leave at any time.
After waiving his Miranda rights, defendant admitted that he had
downloaded images of child pornography from the internet.
Defendant also admitted that he had broken into the church to
look at the images and stashed them in the church to enable him
to return and look at the images repeatedly.  Defendant also
admitted that he knew that the images contained children - that
is, individuals under the age of 12.  Of the 42 images of child
pornography, 6 were of separate identified victims.  That is, the
images depict individuals who have been positively identified and
were under the age of 12 years old when the images were taken.

Defendant received the images he possessed by downloading
them from the internet using a computer.  On most of the printed
images is a website address which, as forensics expert Chris
Christopherson will testify, necessitates accessing the world
wide web using a computer.

A review of the 95 pages of printed material located inside

1  the church revealed that more than half the images were either
2  adult pornography, cartoon images, or morphed images which could
3  not be positively identified as child pornography.   The children
4  depicted in the child pornography range from approximately one-
5  year-old to young teenagers.

6  IV.   LEGAL AND EVIDENTIARY ISSUES

7       A.   Defendant's Statements

8       The government may properly elicit testimony from agents
9  regarding what defendant said during his September 18, 2008,
10 Mirandized interview.   Such statements are not hearsay because
11 they are offered against a defendant and they are defendant's own
12 statements.   Fed. R. Evid. 801(d)(2)(A); United States v.
13 Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981).   The government's
14 reference to defendant's statements, however, does not allow
15 defendant to offer his own out-of-court statements.   When offered
16 by the defendant, such statements are hearsay.   Fed. R. Evid.
17 801(d)(2); United States v. Ortega, 203 F.3d 675, 682 (9th Cir.
18 2000) (district court properly granted the government's motion in
19 limine to exclude defendant's post arrest statements through
20 cross examination of INS agent); United States v. Collicott, 92
21 F.3d 973, 983 (9th Cir. 1996)(hearsay not admitted regardless of
22 Rule 106).   Defendant simply is not permitted to place any of his
23 prior statements before the Court or jury without subjecting
24 himself to cross-examination.   Fed. R. Evid. 801(c); Ortega, 203
25 F.3d at 682; United States v. Fernandez, 839 F.2d 639, 640 (9th
26 Cir. 1988); United States v. Cunningham, 194 F.3d 1186, 1199
27 (11th Cir. 1999); United States v. Willis, 759 F.2d 1486, 1501
28 (11th Cir. 1985).

B.  <u>Child Pornography Images</u>

The government intends to admit the entire stack of images found in the First Presbyterian Church during its case-in-chief. Of the 95 pages of printed images, approximately 13 pages contain approximately 42 images of child pornography.  The entire stack of images was examined by various witnesses and therefore, in the government's view, must be authenticated, admitted into evidence, and examined in its original form.  Because of the graphic nature of the child pornography images, however, the government correctly does not intend to publish all 42 of the images to the jury in Court.  Instead, the government intends only to publish a more limited number (approximately 5-10).  The government will notify the defense of which images the government intends to publish prior to trial.

C.  <u>Defendant's Prior Criminal History</u>

On or about November 3, 2000, defendant was convicted in Superior Court in Los Angeles of Possession of Obscene Matter of Minor in Sex Act, in violation of California Penal Code Section 311.11(A).  Defendant has also suffered eight felony convictions for burglary.

As an initial matter, the government need not prove up the prior felony alleged in the indictment because it is not an element of the offense.  <u>See</u>, <u>e.g.</u>, <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 229-39 (1998) (a prior conviction for an aggravated felony is a sentencing factor, not an element of the offense).  As a result, the government intends to present a "trial" version of the indictment that redacts the prior felony.

Likewise, at this juncture, the government does not intend

to introduce defendant's felony convictions in its case-in-chief unless the defendant makes these facts relevant through evidence, argument, or other means because at present such evidence appears unnecessary to prove each of the elements of the offense. However, should the defendant testify, the government will seek to admit defendant's prior convictions to impeach defendant's credibility.[2]

1)  Defendant's Prior Conviction For Possession of Child Pornography May Properly Be Admitted As 404(b) Evidence

While evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith, it may be admissible pursuant to Federal Rule of Evidence 404(b) for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. Fed. R. Evid. 404(b). The Ninth Circuit has interpreted Rule 404(b) as a rule of inclusion. United States v. Blitz, 151 F.3d 1002, 1007-1008 (9th Cir. 1998); United States v. De Salvo, 41 F.3d 505, 509 (9th Cir. 1994). It permits the admission of any evidence of other crimes or acts relevant to an issue in the trial, except where the evidence proves only a defendant's criminal disposition. See United States v. McKoy, 771 F.2d 1207, 1213 (9th Cir. 1985).

Evidence of other acts is admissible if: (1) the evidence is introduced to prove a material issue in the case; (2) the other acts are similar to the offense charged; (3) there is sufficient evidence for the jury to find that the defendant committed the

---

[2] The government may reevaluate this position should defendant's confession be suppressed as the underlying facts involved in his prior conviction may become more probative.

1  other acts; and (4) the other acts are not too remote in time
2  from the commission of the crime charged.  Blitz, 151 F.3d at
3  1008; United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.
4  1991).

5      The other act evidence here meets this test.  The evidence
6  would prove material issues in the case, including defendant's
7  intent, plan, and knowledge.  The prior offense, which included
8  possession of child pornography in a church - including
9  possession of printed images of child pornography - is
10 substantially similar to the allegations in the instant matter
11 and would therefore demonstrate defendant's knowledge, intent and
12 plan to receive and possess the images of child pornography at
13 issue in this case.  Further, because defendant was convicted of
14 the prior possession offense, there is substantial evidence from
15 which the jury can conclude he committed the offense.  Finally,
16 the prior offense took place six years ago, and only three years
17 from the alleged conduct at issue.  Therefore, the conduct is not
18 too remote in time.

19     In sum, should defendant attempt to deny that he knew the
20 images depicted children, that he intended to possess the images
21 or that such receipt/possession was a mistake, the government
22 would move to admit the underlying facts leading to defendant's
23 prior conviction for child pornography under Rule 404(b).

24         2)   The Fact of Defendant's Prior Felony Convictions
                May be Used to Impeach His Testimony
25     If the defendant chooses to testify, the government may seek
26 to admit the existence of defendant's prior convictions pursuant
27 to Federal Rule of Evidence 609.  Under Federal Rule of Evidence
28 609, "evidence that an accused has been convicted of [a felony]

1  shall be admitted if the court determines that the probative

2  value of admitting this evidence outweighs its prejudicial effect

3  to the accused" so long as fewer that ten years has elapsed since

4  the "date of the conviction or of the release of the [defendant]

5  from the confinement imposed for that conviction, whichever is

6  the later date." Fed. R. Evid. 609(a)(1); see United States v.

7  Alexander, 48 F.3d 1477, 1487-89 (9th Cir. 1995) (defendant's

8  prior conviction for residential burglary and possession of rock

9  cocaine admissible to impeach his credibility in prosecution for

10  bank robbery). The government would seek only to admit the fact

11  that defendant has suffered the felony convictions and would not

12  attempt to admit either the nature of the conviction nor the

13  underlying facts giving rise to the convictions.

14      The impeachment value of defendant's prior convictions are

15  substantial, and defendant's credibility will be at issue if

16  defendant testifies and attempts to counter the evidence

17  presented by the government. See Alexander, 48 F.3d at 1489

18  (when defendant places credibility at issue, government not

19  required to "sit silently by, looking at a criminal record which,

20  if made known, would give the jury a more comprehensive view of

21  the trustworthiness of defendant as a witness"). Here, defendant

22  has been convicted of multiple felonies which necessarily weigh

23  on his credibility as a witness. As a result, the government

24  will seek to introduce defendant's prior conviction under

25  609(a)(1), if defendant chooses to testify.

26      D.   Expert Witnesses

27          1)   Kathryn Suchma

28      At trial, the government intends to call FBI Latent Print

11

Forensic Examiner Kathryn H. Suchma.  Ms. Suchma conducted a
fingerprint analysis that determined that defendant's prints were
on some of the images.  It is expected that Ms. Suchma will
testify regarding her analysis, including how defendant's
fingerprints were located and what other fingerprints were found
on the images.  Ms. Suchma also is expected to testify regarding
the Integrated Fingerprint Identification System and how that
system allowed defendant's fingerprints to be matched as well as
to explain how fingerprints are matched generally and what
scientific methods are used to ensure accuracy.

        Because defendant's fingerprints were found only on a small
number of the pages discovered in the church, Ms. Suchma is also
expected to explain factors that contribute to the presence of
fingerprints on paper surfaces as well as factors that diminish
the ability to locate fingerprints on paper surfaces.  In doing
so, Ms. Suchma will explain that the absence of fingerprints does
not mean that defendant (or anyone else) did not touch the paper
images.

        Ms. Suchma's anticipated testimony will be valuable to the
jury.  Particularly in light of popular media portrayals of crime
scene investigations, jurors may believe that every time a person
touches something he or she leaves a fingerprint.  They therefore
may decide automatically (and incorrectly) that, because
defendant's prints were not found on all the images, defendant
cannot have possessed all the images.  Moreover, the defense is
sure to argue that the absence of defendant's fingerprints is an
important fact demonstrating that defendant did not possess each
of the images of child pornography at issue in this case.

2)   Chris Christopherson

The government intends to introduce the testimony of FBI Special Agent Chris Christopherson.  Agent Christopherson is an expert in computer forensics and is expected to testify that based on his examination of the header and footer information contained on most of the images, the images were downloaded from the internet using a computer.  Agent Christopherson is expected to explain to the jury how such information is created and placed onto the images.

3)   Dr. Carol Berkowitz

The government may also call Pediatrician Carol Berkowitz, M.D.  Dr. Berkowitz, as a pediatrician, is familiar with the physical development of children and will opine on the ages of the children depicted in the images at issue in this case.

///

IV.   <u>CONCLUSION</u>

     The government respectfully requests leave to file such supplemental memoranda as may become necessary during trial.


DATED: July 10, 2009               Respectfully submitted,

                                   THOMAS P. O'BRIEN
                                   United States Attorney

                                   CHRISTINE C. EWELL
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                   <u>  /s/                            </u>
                                   J. LANA MORTON-OWENS
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA