THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
J. LANA MORTON-OWENS
Assistant United States Attorney
California State Bar No. 233831
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-3547
    Facsimile:    (213) 894-0141
    Email: lana.morton-owens@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 09-0153-MMM |
| Plaintiff, | ) <u>GOVERNMENT'S SUPPLEMENTAL</u> <u>RESPONSE TO DEFENDANT'S</u> |
| v. | ) <u>GOVERNMENT MISCONDUCT MOTION</u> |
| RICHARD MICHAEL WELTON, | ) **Current Trial Date:** |
| Defendant. | ) **8-4-2009 at 8:30 a.m.** |

     Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney J. Lana Morton-Owens, hereby submits this supplement response to defendant Richard Michael Welton's ("defendant") Ex Parte Application for Evidentiary Hearing.  The government's response is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and

1 | argument as the Court may permit at any hearing on this motion.

3 | Dated: July 29, 2009

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
J. LANA MORTON-OWENS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 28, 2009, the Court held an evidentiary hearing at defendant's request.  During that hearing, the government acknowledged that a Federal Rule of Criminal Procedure 26.2(e) ("Rule 26.2(e)")[1] violation occurred in this matter through the government's failure to provide the defense with email communications between Special Agent Stephanie Benitez and an out of district AUSA. The government submits this memorandum to address the issue of the proper sanction in light of the government's discovery violation.

**II.   ARGUMENT**

    A.   <u>Federal Rule of Criminal Procedure 26.2(e)</u>

Under Rule 26.2(e), "[i]f the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record.  Therefore, in light of the government's admission that a 26.2(e) violation occurred, SA Benitez's testimony at the July 13, 2009 suppression hearing should be stricken from the record.

Nevertheless, the government submits that such a sanction does not necessitate suppression of defendant's September 18, 2008 confession.  Indeed, the imposition of such an extreme sanction of suppressing defendant's confession is unwarranted in light of the totality of the circumstances and the scope of the government's discovery violation.

---

[1] During the July 28 hearing, the government referred to the <u>Jencks</u> act, 18 U.S.C. § 3600 which applies to trial testimony as apposed to Rule 26.2(e), which applies to hearings.

1

B.  <u>SA Benitez's July 13, 2009 Testimony is Unnecessary to the Court's Continued Denial of Defendant's Motion to Suppress</u>

As the Court rightfully concluded in its July 20, 2009 order denying defendant's motion to suppress, defendant's statements during his September 18, 2008 confession were voluntarily made. SA Benitez's testimony during the July 13, 2009 hearing was not necessary to the Court's conclusion.  Indeed, the Court need look no further than the audio recording of defendant's confession to make the determination that defendant's statements were voluntary.  Therefore, provided the government can establish the authenticity of the audio recording without the stricken testimony, the government submits that the Court need not suppress defendant's confession.

The foundational "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Fed. R. Evid. 901(a); <u>see</u> <u>also</u> <u>United States v. Harrington</u>, 923 F.2d 1371, 1374 (9th Cir. 1991).  "The government need only make a prima facie showing of authenticity, as 'the rule requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification.'"  <u>United States v. Black</u>, 767 F.2d 1334, 1342 (9th Cir. 1985)(internal quotations omitted).

Even absent SA Benitez's testimony, the Court can properly consider the entirety of defendant's taped confession because defendant authenticates the audio recording based on his admissions during the taped confession to his true identity, that

2

1  is, Richard Michael Welton.  He similarly states both his date of
2  birth and his social security number at the very beginning of the
3  audio recording.  Thus the recording itself makes clear that the
4  recording is of the defendant.  In addition the Court heard
5  defendant testify in Court and has also heard the audio
6  recording, and thus can draw its own conclusion about whether the
7  voice on the tape belongs to the defendant.  Moreover, defendant
8  submitted the transcript of the audio recording as part of his
9  motion to suppress and admitted during the July 13, 2009 hearing
10 that the audio recording correctly stated some of the events of
11 the September 18, 2008 interview.  Thus, the recording itself and
12 the defendant's own testimony are each independently sufficient
13 to authenticate the recording.
14      Second, as evidenced by the audio recording itself, FBI Task
15 Force Officer Bernard Trapp was also present during the entire
16 September 18, 2008 interview.  Should the Court request, the
17 government can submit a declaration from TFO Trapp authenticating
18 the audio recording.  The government would also make TFO Trapp
19 available for cross examination by defense.
20 ///

**IV. CONCLUSION**

For the forgoing reasons, the government respectfully submits that the Court's imposition of the proper sanction of striking the July 13, 2009 testimony of SA Benitez does not necessitate suppressing defendant's confession.

```
                                THOMAS P. O'BRIEN
                                United States Attorney

                                CHRISTINE C. EWELL
                                Assistant United States Attorney
                                Chief, Criminal Division


July 29, 2009                     /s/
DATE                            J. LANA MORTON-OWENS
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA
```

4