**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 09-00153 MMM | Date | November 30, 2009 |
|---|---|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|
| Interpreter: | N/A |

| ANEL HUERTA | N/A | J. Lana Morton-Owens (NP) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Richard Michael Welton | NOT | X | | John L. Littrell | NOT | X | |

**Proceedings:**   **Order Denying Defendant's Rule 29 Motion**

On August 5, 2009, at the close of the government's case, defendant made a motion challenging the sufficiency of the government's evidence under Rule 29(a) of the Federal Rules of Criminal Procedure. Defendant offered three specific objections regarding the sufficiency of the government's evidence on the charge of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2): (1) that the government had not proved beyond a reasonable doubt that the images had been transported in interstate commerce prior to the date on which defendant received them; (2) that the court lacked jurisdiction because there was no evidence that the images were received in the United States; and (3) that the government had introduced no evidence that defendant received the images of child pornography within this judicial district. As respects both the receipt charge and the charge of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), defendant challenged the sufficiency of the government's evidence that the images were received or possessed within the statute of limitations. The court reserved decision on defendant's motion. On November 30, 2009, the court entered findings of fact and conclusions of law finding defendant guilty of possession of child pornography. The court acquitted defendant on the receipt of child pornography charge.

Rule 29 provides that the court shall order the entry of judgment of acquittal "if the evidence is insufficient to sustain a conviction." FED.R.CRIM.PROC. 29(a); *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001); *United States v. Affinito*, 873 F.2d 1261, 1264 (9th Cir. 1989). The defendant may challenge the sufficiency of the government's evidence in a motion brought at the close of the government's case, at the close of all the evidence, or within seven days after the jury returns a guilty verdict. Alternatively, the court may raise the issue *sua sponte* if it acts before the case is submitted to the jury. FED.R.CRIM.PROC. 29(a); *United*

*States v. Brazel*, 102 F.3d 1120, 1142 (11th Cir. 1997) ("Rule 29(a) authorizes a district court to grant a judgment of acquittal on its own motion or upon a defendant's request 'after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses'"); *United States v. Davis*, 992 F.2d 635, 637-38 (6th Cir. 1993) ("By its express terms, Rule 29 contemplates that the trial court may enter a judgment of acquittal on its own motion only prior to the submission of the case to the jury").

Entry of a judgment of acquittal is proper only if the court concludes, after viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences in the government's favor, that no reasonable factfinder could find the defendant guilty of the crime charged beyond a reasonable doubt. *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002) ("[A] district court can enter a judgment of acquittal on the grounds of insufficient evidence only if, after viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in the government's favor, it concludes no rational trier of fact could have found the defendant guilty beyond a reasonable doubt"); *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998) ("A motion for a judgment of acquittal challenges the sufficiency of the evidence to convict. . . . We review the denial of this motion *de novo*. In doing so, we consider the evidence, all reasonable inferences drawn from it and all credibility determinations in the light most favorable to the Government, and affirm if a reasonable jury could find the offense's essential elements beyond a reasonable doubt"); *United States v. Cunningham*, 108 F.3d 120, 123 (7th Cir. 1997) ("'We review the evidence and all reasonable inferences in the light most favorable to the government, and will reverse a conviction only if no rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt,'" quoting *United States v. Sax*, 39 F.3d 1380, 1385 (7th Cir. 1994)). The same standard governs sufficiency of the evidence in jury and bench trials. *United States v. Frank*, 292 Fed. Appx. 618, 620 (9th Cir. Sept. 9, 2008) (Unpub. Disp.) (citing *United States v. Doe*, 136 F.3d 631, 636 (9th Cir.1998)).

Because the court's November 30, 2009 order acquitted defendant on the count charging receipt of child pornography, the court denies defendant's Rule 29 motion on that count as moot. In its findings of fact and conclusions of law, the court considered defendant's argument that the government did not prove that he had possessed child pornography within the applicable statute of limitations, and concluded that under both a beyond a reasonable doubt or a preponderance of the evidence standard, the government proved that defendant possessed eleven exhibits depicting images of actual minors engaged in sexually explicit conduct within the statutory period. For the reasons stated in the findings of fact and conclusions of law, the court denies defendant's Rule 29 motion for judgment on the possession of child pornography count.

For the reasons stated, the court denies defendant's Rule 29 motion.